MARY ANN SHIRLEY, Respondent, *v*. JOHN C. BENNETT, Administrator, &c., Appellant.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1871.)

The law is well settled that a party cannot recover for services rendered where that party has lived with the one, from whom the compensation is claimed, as a member of his family, and has been brought up, provided for and educated as such, and that relation has continued during all the time in which such services were rendered.

A father who has surrendered to a minor child her wages in advance of their being earned, is a competent witness (under section 399 of the Code) in a suit brought by the child to recover such wages against the administrator of her employer to prove conversations and transactions had by him with the deceased in relation to such employment, he having never been entitled to receive any of the wages, and the child having, therefore, not derived her title to them through him.

THIS action was brought to recover pay for work and labor performed by the plaintiff for Christian Bennett (the defend-

Shirley *v.* Bennett.

ant's testator), commencing in April, 1852, and continuing until the last of June, 1861, a period of nine years and about two months.

The cause was tried at the Cortland County Circuit in January, 1870, before Justice BALCOM and a jury.

The evidence established that the testator was a farmer in Onondaga county. The plaintiff did house-work, drove cows and milked them, fed calves and hogs and did chores.

That the services were rendered and that they were valuable services, and worth, the first four or five years, ten shillings per week, and for the remaining years, two dollars per week.

The testator, in his lifetime, made some payments to the plaintiff during the time she worked for him; also sold to her some personal property.

The testator made his will on the 29th day of June, 1863, and died on the 24th day of September, 1865.

His will was admitted to probate on the 12th day of February, 1866, and letters testamentary issued to Daniel Vail, as executor.

On the 23d day of July following, the claim of the plaintiff, duly verified, was presented to the executor, requesting its payment or allowance. And on the 4th day of August following, a written offer to refer the claim, under the statute, was served upon the executor, who refused to allow the claim or refer it, and on the 13th day of said month of August this action was commenced.

Under the charge of the judge the cause was submitted to the jury, who rendered a verdict in favor of the plaintiff for $524.66.

During the pendency of the action Daniel Vail, the executor, died, and John C. Bennett duly appointed administrator, with the will annexed, and by stipulation of the parties in writing, dated October 18th, 1871, he was substituted as defendant in this action.

The objections made and exceptions taken upon the trial and now urged, appear in the opinion.

A judgment was entered upon the verdict and a motion made for a new trial at Special Term and denied. The defendant appealed from the order denying a new trial and from the judgment. The case was submitted upon printed points.

*Sedgwicks, Kennedy & Tracy,* for the appellant and defendant.

*Ballard & Warren,* for the respondent and plaintiff.

Present—MILLER, P. J., PARKER and DANIELS, JJ.

By the Court—MILLER, P. J.   The law is well settled that a party cannot recover for services rendered where that party has lived with another as a member of his family, to be provided for, brought up and educated as such, and that relation continued during all the time that such services were rendered.   This decision was held in this case, when before the Court of Appeals, and the judgment was reversed and a new trial granted upon the ground that the judge upon the trial refused to give proper instructions to the jury in this particular.   (See 38 How. Pr. R., 406.)   It appears from the report of the case cited that it was proved upon the trial by John C. Bennett, a son of the testator, that in the fall of the year, after the plaintiff came to live in the family of the testator, that her father came to the testator's house, and that it was then understood between him and the testator that the plaintiff was to live there as a member of the testator's family; that he was to send her to school, and take care of her as his child. There was no direct contradiction of this testimony, and the father of the plaintiff was not a witness, and not present at the trial.   On the second trial he was sworn and examined as a witness, and positively denied that there was any such conversation or any such arrangement or agreement.   The father and the plaintiff also testified that before she went to Bennett's to live her father told her that she could have her wages, and that he had never sought to control her wages.   It

Shirley v. Bennett.

will be seen that there is a difference in the evidence between the last and the former trial, and there is a direct contradiction as to the main fact in controversy, which was proper for the consideration of the jury. The judge, therefore, properly refused to instruct them that from the whole evidence it appeared that the plaintiff went to live with the testator as a member of his family, to be taken care of and provided for as such, and not as a hired servant, and entitled to wages, and that the jury should find for the defendant on that ground.

The court did not err in refusing to instruct the jury that the plaintiff could not recover for services rendered more than six years prior to the testator's death. The plaintiff lived with the deceased from April, 1852, to June, 1861. She was married on the 27th of December, 1860. Six weeks before she was married the deceased sold a cow to the plaintiff for twenty dollars. Shortly before her marriage ten dollars was paid to her, and at one time a pair of shoes was delivered; also a box of clothing, bed, bedding and several dresses. The testator died on the 24th of September, 1865, and letters testamentary were not issued until the 12th day of February, 1866. The action was brought in August, 1866. The payment of money and the articles delivered kept the claim alive and prevented the statute of limitations being a bar to it. The action was brought before six years had elapsed after this payment, and before the statute had attached.

An objection is made that the judge erred in allowing Edward Naylor, the father of the plaintiff, to testify to transactions with the deceased, or conversations with him, on the ground that he was originally entitled to the demand for services. The witness had waived his right to the daughter's services by emancipating her; and by means of such emancipation he had relinquished his claim, and authorized her to labor for herself and to receive her own earnings. (See *Shute* v. *Dorr*, 5 Wend., 206.) The services were performed after the emancipation had taken place, and the witness did not have at any time any such legal demand for the services ren-

dered as would exclude him from being a witness within the provisions of section 399 of the Code of 1869.

The plaintiff and her husband were also competent witnesses on the trial; and none of the testimony given by them to which objection was made was improperly received.

No other points are urged as error, and the judgment and order must be affirmed, with costs.

Judgment affirmed.