CHARLES LIND, BY ANDREW HOLVERSON, HIS GUARDIAN AD LITEM, RESPONDENT, *v.* CLAUS C. N. SULLESTADT, APPELLANT.

*Right of one brought up as a member of a family to recover for his services rendered to the head thereof—when a minor is presumed to be emancipated and may recover the value of services rendered by him.*

The plaintiff's father being dead, his mother, who was poor, and resided in Norway, entered into an agreement with the defendant, her brother, who resided in this State, by which the latter was to furnish the money to bring the plaintiff to this country, and receive him into, and bring him up as a member of his family, clothing and educating him as if he were his son. The defendant, in pursuance of the said agreement, furnished the money to bring the plantiff to this country, and received him into his family in July, 1870. In July, 1875, the plaintiff left the defendant's family, claiming that the defendant had not fulfilled the agreement on his part, and brought this action to recover for work, labor and services rendered and performed by him for the defendant.

*Held,* that if the defendant did, taking into account the situation and condition in life of the parties, bring up the plaintiff in a suitable manner, clothing and educating him properly and treating him as he would if he were his own son, that then the plaintiff could not recover; but that if the defendant did not do all these things that then the plaintiff could recover what the services rendered by him were fairly worth, over and above all that he had received from the defendant by way of board, clothing, and moneys paid out for, and services rendered to him.

*Held,* further, that under the circumstances of this case, the emancipation of the plaintiff was to be implied, and that if any action would lie for the services so rendered, it could be maintained by him, and need not be brought in the name of his mother.

APPEAL from a judgment of the Orleans County Court, in favor of the plaintiff, entered upon the verdict of a jury.

This action was originally commenced in a justice's court by the plaintiff, a minor, by his guardian, to recover upon a *quantum meruit*, for work, labor and services rendered by him to defendant.

The defendant claimed the services were rendered under an agreement with plaintiff's mother that the defendant should take the plaintiff into his family as a member thereof, with a full understanding on the part of plaintiff, his mother and the defendant that they were rendered by him as a member of the defendant's family, and were to be without other compensation.

The plaintiff claimed that the defendant had violated the agreement by failing to treat him properly, and that he was therefore entitled to recover the value of the services rendered by him.

*Irving M. Thompson*, for the appellant.

*John Cunneen*, for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment recovered on a verdict in the County Court of Orleans county in an action originally commenced in a court of a justice of the peace. The main facts appear by a stipulation by the counsel of the respective parties made on the trial and entered on the minutes (which was as follows):

"That the plaintiff went to live in the family of the defendant under this arrangement made with the mother of the plaintiff—his father being dead—she then living with her son in Norway, a foreign country; that the defendant should send to the mother sufficient money to bring the boy from his home in Norway to the residence of the defendant in Kendall (Orleans county, State of New York), and receive him into his family as a member thereof, and bring him up in a suitable and proper manner; clothe and educate him properly and treat him as he would if he was his son. That the defendant did furnish the necessary money to bring the plaintiff (to Kendall aforesaid,) and the plaintiff came into the family of the defendant in July, 1870, and remained there till April, 1875."

The action was brought to recover for the work, labor and services of the plaintiff rendered for the defendant in doing farm work; upon a *quantum meruit*. The defendant was the brother of the plaintiff's mother, who, it appears, resided in Norway in poor circumstances. It is well settled that where one man labors for another, a presumption of fact will arise that the person for whom he labors is to pay him the value of his services, but when services are rendered between members of the same family no such presumption will arise; and where a party has lived with another, as a member of his family, to be provided for, brought up and educated as such, and that relation continues during all the time that such services were rendered, the party rendering them cannot recover for the value of such services. (*Williams* v. *Hutchinson*, 3 N. Y., 312; *Shirley* v. *Vail*, 38 How. Pr., 406; *Shirley* v. *Bennett*, 6 Lans., 512; *Sullivan* v. *Sullivan*, 6 Hun, 658; *Carpenter* v. *Weller*, 15 Id., 134.)

A mother, as the natural guardian of her minor children, after the death of their father, is entitled to their custody and control, but she may effectually part with this right, *so far as she is concerned*, by contract. Whether binding on the children or not, it will be binding and obligatory upon her, and estop her from setting up any claim to the custody of the children or their wages. (Wood on Master and Servant, § 24.) The law will sometimes imply an emancipation from parental authority and control, as when the father compels or consents that his minor child shall go abroad and earn his own livelihood, or neglects to support him. (Wood on Master and Servant, § 25.) We think, under the circumstances of this case, the emancipation of the plaintiff is to be implied or presumed, and, therefore, if any action was maintainable for the services rendered by the plaintiff, it could be maintained by him, and that it was not requisite that it should be brought in the name of the mother.

There was evidence given tending to show that the defendant had not fully performed the contract, as that contract was stipulated to have been on his part, such as furnishing proper schooling, clothes and food. The court charged the jury as follows:

"If the jury shall find from the evidence that the defendant

so received the plaintiff into his family and as a member thereof, and if he did, while the plaintiff remained in his family, taking into the account the situation and condition in life occupied by the parties, bring him up in a suitable manner, and did clothe and educate him properly, and treat him as he would if he was his own son, that the plaintiff cannot recover; but if the defendant did not do all this, then the plaintiff can recover what the services rendered by him were fairly worth, over and above all he received from the defendant by way of board, clothing, moneys paid out for his benefit and services rendered by the defendant for plaintiff."

This charge, we think, fully expressed the law applicable to the case, and was correct, and expressed with all proper limitations. (*Taft* v. *Pike*, 14 Vt., 405; *Defrance* v. *Austin*, 9 Penn. St., 309; *Mountain* v. *Fisher*, 22 Wis., 93; *Lowe* v. *Sinclear*, 27 Mo., 308; *Squire* v. *Hydeliff*, 9 Mich., 274.)

The other exceptions to the charge, except so far as the principles applicable to them have been herein discussed before, were trivial, the whole substance of the charge being contained in the paragraphs quoted above, and we do not think that substantial justice requires that a new trial should be awarded.

The judgment is therefore affirmed.

Smith and Hardin, JJ., concurred.

Judgment affirmed.