YOUNG *v.* BRICE.   WATSON *v.* SAME.   WOODS *v.* SAME, (two cases.)

*(City Court of New York, General Term.   September 29, 1888.)*

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—ENFORCEMENT.
      Under the business corporations act (Laws N. Y. 1875, c. 611) an action may be maintained to enforce a stockholder's liability pending an action against the corporation, and before judgment therein. Following *Walton* v. *Coe,* 17 N. E. Rep. 676.

2. SAME—DISCHARGE OF LIABILITY—PAYMENT BEFORE JUDGMENT.
      Payment by the holder of fully paid-up stock of an amount equal to the par value of such stock, to a creditor of the company, though made before judgment in the action brought, is a good defense to actions subsequently brought against the same stockholder by other creditors of the company.

3. PLEADING—DEMURRER—EFFECT.
      Such defense having been set up in an answer, a demurrer thereto admits the payment.

Appeal from special term.

The complaint in the first of the above-entitled actions alleges, in substance, that the American Opera Company (Limited) was on the 19th day, of February, 1886, a domestic corporation, duly incorporated on that day, and having a place of business in the city of New York, as an opera company; that defendant was one of the incorporators, and a stockholder therein, owning 50 shares of stock, fully paid for, and of the par value of $100 per share; that the capital stock of said company was fixed at $250,000, and subsequently, on July 23, 1886, increased to $500,000, of which capital only $148,600 has been paid in; (and in the second paragraph of the complaint) that plaintiff is a creditor of said corporation, which is indebted to plaintiff for damages for the breach of its contract made about July 1, 1886, for services to be rendered by plaintiff as a singer, for 25 weeks, at a salary of $25.50 a week, payable weekly, which contract said corporation wholly refused to perform on and after December 11, 1886, whereby plaintiff sustained damages; and that plaintiff recovered judgment for such damages in this court on the 16th day of May, 1887, for $583.06, which is still owing and unpaid, and on which execution has been duly issued and returned wholly unsatisfied. Wherefore plaintiff charges defendant, as a stockholder, with liability for said indebtedness, under section 37, c. 611, Laws 1875, on the ground that said capital fixed is not paid in, and demands judgment against defendant for $663.24, with interest from May 16, 1887, and costs, and alleges personal service of the summons on defendant, on or before April 7, 1887. The defendant, in her answer, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph of the complaint. And for a further and separate defense, she alleges, in substance, that the Southern Trust Company, on or about the 21st day of February, 1887, recovered a judgment against the said American Opera Company on a promissory note made by said company to Calvin S. Brice, husband of defendant, for the sum of $5,120, the amount of said note, interest, and costs; that on February 21, 1887, an execution was issued upon said judgment against the American Opera Company, and that the same was, before the commencement of this action, returned wholly unsatisfied; that thereafter, and on or about April 20, 1887, the said Southern Trust Company commenced an action against this defendant, as a stockholder of said American Opera Company, to recover the amount of said note, etc.; that the total liability of defendant for the debts of said American Opera Company has never exceeded $5,000; that about May 6, 1887, defendant paid to the Southern Trust Company the sum of $5,000, and the same was accepted in satisfaction of her liability on the said note, and in full satisfaction of said judgment, whereupon said action was discontinued by the Southern Trust Company. Plaintiff demurred to the new matter alleged in the answer as a separate defense, on the ground that it stated "no facts sufficient to constitute a defense in this action, and is therefore insufficient in law." On June 13, 1887, an order was made by Justice NEHRBAS, overruling the demurrer, and for judgment in favor of defendant, dismissing the complaint with costs; and on April 25, 1888, judgment was entered, dismissing the complaint, and for cost to the defendant amounting to $47.18, her costs and disbursements in this action. The pleadings in each of the above cases are substantially the same, and the same questions are presented on the appeal in each case.

Argued before McGOWN and PITSHKE, JJ.

*Wm. W. Badger,* for appellant. *Simpson, Thacher & Barnum,* for respondent.

McGOWN, J., (*after stating the facts as above.*) The above actions are of the same nature as several others brought in this court for the purpose of determining the personal liability of a stockholder of the American Opera Company, under chapter 611 of the Laws of 1875. This action was commenced on April 7, 1887, at which time no judgment had been obtained by the plain-

tiff against the American Opera Company; as the plaintiff did not recover his judgment until the 16th day of May, 1887. The Southern Trust Company obtained a judgment on the 21st day of February, 1887, against the American Opera Company on a promissory note for $5,000, and an execution was issued thereon on the same day, and returned wholly unsatisfied, before the commencement of the action, by the Southern Trust Company, viz., on April 20, 1887, on which day an action was commenced by the Southern Trust Company against this defendant, as a stockholder, etc., to recover the amount of the said promissory note; and defendant, on May 6, 1887, paid to the Southern Trust Company the sum of $5,000 in full satisfaction of her liability on said note. Justice NEHRBAS, in his opinion, holding that on April 7, 1887, when this action was commenced, plaintiff had no existing cause of action against the defendant, inasmuch as the judgment recovered by the plaintiff against the American Opera Company, had not been recovered, or execution thereon returned unsatisfied, at the time of the commencement of this action on April 7, 1887; said judgment not having been recovered until the 16th day of May, 1887; and that defendant's liability did not become fixed until May 16, 1887, and that defendant had on May 6, 1887, discharged her liability as a stockholder by payment to the Southern Trust Company of the sum of $5,000, the amount claimed in the suit of the Southern Trust Company against her, commenced on April 20, 1887. In deciding that plaintiff had no existing cause of action against the defendant for the reason that no judgment had been obtained and execution returned thereon unsatisfied in plaintiff's action against the American Opera Company at the time of the commencement of this suit, Justice NEHRBAS followed the ruling of this court on that question, which ruling was affirmed by the general term of the court of common pleas, on an appeal in *Richards* v. *Beach,* 12 N. Y. St. Rep. 136, and many similar cases decided in this court. The court of appeals, however, have in *Walton* v. *Coe,* 17 N. E. Rep. 676, overruled the decision of this court and of the court of common pleas made in the cases above referred to, and hold that under the act of 1875 it is not necessary first to obtain judgment against the corporation, and have execution thereon; and that the same is not made a condition under said act to the commencement of a suit by a creditor against a stockholder. In holding that defendant discharged her liability as a stockholder by the payment by her to the trust company the amount of her liability, Justice NEHRBAS' decision is in full accord with, and sustained by, the decisions of the court of appeals in *Garrison* v. *Howe,* 17 N. Y. 458; *Weeks* v. *Love,* 50 N. Y. 572; *Mathez* v. *Neidig,* 72 N. Y. 100; *Pfohl* v. *Simpson,* 74 N. Y. 143. The payment made by defendant was clearly "under legal compulsion." An action had been commenced against her for a cause of action, to which she had no legal or honest defense. She was not required to incur the expense of a defense, where none existed, nor to wait for the recovery of the judgment against her, and thus subject herself to unnecessary costs. Justice NEHRBAS, in his opinion, further says that "it is a rule of pleading that on a demurrer the court will consider the whole record, and give judgment for the party who, on the whole, appears to be entitled to it." This ruling is sustained by the opinion of Chief Justice McADAM in *Richards* v. *Brice,* at general term, filed February 10, 1888, 13 N. Y. St. Rep. 728, which ruling was not overruled in *Walton* v. *Coe,* hereinbefore referred to. See, also, *Richards* v. *Coe,* 19 Abb. N. C. 79; *Young* v. *Brice,* N. Y. City Ct. Sp. Term, June, 1887. The demurrer of the plaintiff to the separate defense set up in defendant's answer admits all such matters of fact as were therein sufficiently pleaded, thus admitting the payment by the defendant to the Southern Trust Company of the amount of her liability as a stockholder; and, as before stated, such payment, being admitted by the demurrer, was a good defense to this action, and which could be set up on a new trial, and would be a good defense on such trial. For the reasons above stated the judgments appealed from must be affirmed, with costs,

but with liberty to the plaintiff to withdraw his demurrer on payment within 10 days of $20 costs of the trial of an issue of law in one action, and the costs of appeal in one action, to be taxed. If this condition is not complied with, the affirmance will be absolute, with costs in each action.