## NEW YORK SMELTING & REFINING CO. *v.* LIEB.

*(Superior Court of New York City, General Term.* January 7, 1889.)

1. APPEAL—REVIEW—HARMLESS ERROR.

   In an action to recover a sum paid on a contract by defendant to construct a machine for plaintiff, it was alleged by defendant and denied by plaintiff that S. was plaintiff's agent to direct defendant as to the manner of making the machine. It was conceded that plaintiff's president had authority to make the contract and to give such directions. There was evidence that the president, on making the contract, said to defendant that such directions should be given by S. *Held,* that the exclusion of evidence as to plaintiff's course in giving orders for machinery, and as to the authority of S. to make such contracts or give directions, was harmless to plaintiff, where the court charged, as he previously stated that he would, that S. had no authority to direct defendant, and the question was whether the president delegated to him the power of controlling defendant in reference to the construction of the machine.

2. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEASED PERSON.

   Defendant's minor son, for whose benefit defendant's business was prosecuted, had no legal interest in it, and not being a party or person interested in the event, or one from whom defendant had acquired an interest, was not incompetent, under Code Civil Proc. N. Y. § 829, to testify to directions given by S., who at the time of the trial was dead.

Appeal from jury term.

Action by the New York Smelting & Refining Company against George Lieb. Plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Leopold Wallach,* for appellant.   *Walsh & Eckerson,* for respondent.

SEDGWICK, C. J.   The action was to recover certain sums paid on account to the defendant, under a written contract between the parties, by which the defendant was to make a certain machine for the plaintiff, the plaintiff alleging that the defendant failed to make or deliver the machine, as provided by the contract. The answer alleged performance of the contract by the defendant, and made a counter-claim for the part of the contract price that remained unpaid, and for extra work and materials furnished at request of the plaintiff. The objections taken upon the trial by plaintiff referred especially to the relations of one Schoenberg to the plaintiff, the defendant claiming that he was the agent of plaintiff to direct the defendant as to the manner in which the machine should be constructed. It was conceded virtually that Mr. Schutz, the president of the plaintiff, had authority to make the contract and to direct the manner of its performance. The defendant gave testimony that the machine was built according to the direction of Schoenberg, who was a superintendent of the manufacturing department of the plaintiff. Among other facts and declarations that tended to establish that Mr. Schutz gave specific authority to Schoenberg to act for the plaintiff in the matter was proof by the defendant that, at the time the contract was made, Mr. Schutz said to the defendant that Mr. Schoenberg would direct him how to build the machine, he being the inventor of it. The plaintiff disputed the facts, and claimed that Schoenberg was not the agent of the plaintiff. For the purpose of maintaining their position, they asked of witnesses, being officers of the plaintiff, questions like these: "And in regard to orders, what was the custom, if he [Schoenberg] wanted anything, so far as you were concerned? What was the usual mode of business in your company, if anything was desired or any order was to be given, as coming from the superintendent? Who, if any person in the place, was authorized to give orders for machinery or matters of that kind, with the exception of the president? Was there any one in your place who was authorized to give orders for machinery or for any outside work, with the exception of the president? Did you ever authorize him to make any contracts, or to superintend the manufacture of a machine which Mr. Lieb was making, or to give orders for extra work?" The witnesses of

whom these questions were asked had without objection described the duties
and employment of Schoenberg, as superintendent and in general relation to
the company. But the questions were immaterial to the issue, in view of the
statement of the court as to the way in which he would submit it to the jury,
and this statement conformed to the charge afterwards made. The charge
was that Mr. Schoenberg as superintendent simply had no authority to direct
the defendant; that the question for the jury was, did Mr. Schutz delegate to
Mr. Schoenberg the power of controlling Mr. Lieb in reference to the con-
struction of the machine, and that if it were the fact that Mr. Schutz did say
to the defendant, "You make this machine as Schoenberg instructs you,"
then the defendant had a right to act in accordance with instructions given
by Schoenberg. It therefore appears that the exclusion of the questions was
not injurious to the plaintiff, if it is assumed that they were relevant.

It appeared on the trial that Mr. Schoenberg was dead. On the argument
of the appeal it is insisted that a witness was allowed to testify as to Schoen-
berg's directions to defendant after it was objected that the witness was in-
competent, under section 829, Code Civil Proc., that forbids a party, etc.,
from testifying to a personal transaction with the deceased, etc. The witness
referred to was not a party or a person interested in the event, or one from
whom the defendant had acquired an interest. He was the son of the defend-
ant, and, although the defendant's business was set up and prosecuted for
the benefit of the witness, yet the witness had no legal interest in the busi-
ness, and, being an infant, was, under the circumstances, incapacitated from
having a legal interest. There is no intention to hold that if it were other-
wise the exception taken would raise the point, or be valid in itself. The ex-
ceptions on this subject should not be sustained. What has been said has re-
ferred to all the questions argued upon the appeal. The judgment is af-
firmed, with costs. All concur.