JEANNIE T. HARD AND ANOTHER, AS ADMINISTRATORS, ETC., OF WILLIAM M. ASHLEY, DECEASED, RESPONDENTS, *v.* CHRISTOPHER C. DAVISON, AS ADMINISTRATOR OF THE LAST WILL AND TESTAMENT OF ISAAC ASHLEY, DECEASED, RESPONDENT; LEURENDUS B. ASHLEY, SUSAN M. ASHLEY AND ZIPPORAH E. WILCOX, APPELLANTS, AND OTHERS.

*Will — revocation of a specific devise — when it defeats a gift of a share of the residuary estate to such devisee.*

A testator, by his will, provided as follows : " Second. To Zipporah E. Wilcox I give the use of my farm on which she now resides, in the town of Greece, Monroe county, N. Y., during her life ; and, at her death, I give and devise the said farm in fee to her children then living, in equal shares." After making certain gifts of other property to other parties, by the fifth clause of his will the testator gave his residuary estate " to the same parties, in the same ratio and proportion as are given and are specified in the foregoing bequests," and, for the purpose of such apportionment, he fixed the value of the " Homestead Residence " at $20,000, and of the farm given to Mrs. Wilcox and her children at $15,000.

By his codicil he provided as follows : " Second. I did, by said last will, give to Zipporah E. Wilcox, of Greece, Monroe county, N. Y., the use of my farm in said town of Greece, during her life, and, at her death, did thereby give the said farm in fee to the children of said Zipporah E. Wilcox then living, in equal shares. I do now hereby revoke said bequest, as well the one to the children of said Zipporah living at her death, as the one to said Zipporah herself, and, in lieu and instead of said bequests, I do hereby give to said Zipporah E. Wilcox and her heirs $8,000, payable as soon as may be, conveniently, after my death."

*Held,* That the gift in the will of the share of the residue of the estate to Zipporah E. Wilcox and her children was strictly dependent upon the original devise to her and them in the will, and that it fell with the revocation of such devise.

*Quincy* v. *Rogers* (9 Cushing, 291) and *Wetmore* v. *Parker* (52 N. Y., 450), distinguished.

APPEAL by the defendants, Leurendus B. Ashley, Susan M. Ashley and Zipporah E. Wilcox, from a judgment entered upon the report of a referee, in an action brought in the Supreme Court for an accounting by the defendant, Christopher C. Davison, of his doings and proceedings as executor of the last will and testament of Isaac Ashley, deceased, and for the distribution of the funds in his hands, pursuant to the terms of the will of said Isaac Ashley, as

modified by a contract between the defendants, Leurendus B. Ashley and Susan M. Ashley on the one part, and the plaintiff's intestate on the other part, which judgment was entered in the office of the clerk of the county of Monroe on the 15th day of November, 1888.

*P. M. French,* for appellants Ashley and wife.

*Theo. Bacon,* for the appellant Wilcox.

*W. A. Sutherland,* for the respondents.

DWIGHT, J. :

The action was by the administrators of William M. Ashley, deceased, against the executor, with whom are joined the heirs-at-law and legatees, of Isaac Ashley, to obtain an accounting by the executor and a distribution of the estate in his hands. The judgment gave effect, as against the appellants Leurendus B. Ashley and wife, to a certain agreement between them and the plaintiff's intestate, which provided for a disposition of the property of the testator, as between the parties to the agreement, other than that made by the will, hence the appeal of Ashley and wife, which is based wholly upon exceptions to certain rulings of the referee in the admission and rejection of evidence. The judgment also denied to the defendant Mrs. Zipporah E. Wilcox any share in the residuary estate ; hence her appeal, which is based upon exceptions to the conclusions of law of the referee which affect her rights. We consider the two appeals in the order in which they have been mentioned.

*First.* The appellants Ashley and wife, seek to avoid the agreement, alleged against them, on the ground of fraud, averring that they were induced to sign it by false and fraudulent representations in respect to material facts, made to them by the plaintiff's intestate. They sought to make proof of the alleged representations by their own testimony, each testifying to hearing the representations made to the other. The testimony was objected to under section 829 of the Code of Civil Procedure. It was received subject to a motion to strike it out, and the decision of the motion was reserved. The motion was decided by the referee, adversely to the reception of the testimony, when he made his report, and the decision was excepted to by the appellants Ashley and wife in their exceptions to the findings in the action.

We think the motion was properly decided for the reasons given by the referee in his opinion, which seem to us valid and well supported by the authorities as cited by him. He points out, among other things, that the interest which the two appellants took under the residuary clause of the will, and which, as between the contesting parties, was largely affected by the agreement in question, was a joint interest, with right, by survivorship to the entirety, and was thus incapable of severance ; and that any evidence which affected the interest of one, in that provision of the will, must equally affect the other. This testimony being rejected, there was no evidence to support the allegation of fraudulent representations, and the agreement in question stands unimpeached, and must have the effect, as between the plaintiff's intestate and the appellants Ashley and wife, which was given to it by the report of the referee and the judgment in the action.

*Second.* The appeal of Mrs. Zipporah E. Wilcox calls for a construction of certain clauses in the will, and in the codicil to the will of the testator Isaac Ashley.

By the first clause of the will the testator gave pecuniary legacies, of various amounts, to nine relatives named.

The next clause is as follows : " Second. To Zipporah E. Wilcox I give the use of my farm, on which she now resides in the town of Greece, Monroe county, N. Y., during her life, and at her death I give and devise the said farm in fee to her children then living, in equal shares."

By the third clause he gives a sum of money in trust for two other relatives, the amount being dependent upon conditions mentioned.

By the fourth clause he gives his " homestead dwelling" with furniture, etc., to two other relatives, jointly.

By the fifth clause he gives his residuary estate " to the same parties, in the same ratio and proportion as are given and are specified in the foregoing bequests;" and, for the purpose of such apportionment, he fixes the value of the " homestead residence " at $20,000, and of the farm given to Mrs. Wilcox and her children at $15,000.

The second clause of the codicil reads as follows : " Second. I did by said last will give to Zipporah E. Wilcox of Greece, Monroe

county, N. Y., the use of my farm, in said town of Greece, during her life, and at her death did thereby give the said farm in fee to the children of said Zipporah E. Wilcox, then living, in equal shares. I do now hereby revoke said bequest, as well the one to the children of said Zipporah, living at her death, as the one to said Zipporah herself, and in lieu and instead of said bequests, I do hereby give to said Zipporah E. Wilcox and her heirs $8,000, payable as soon as may be, conveniently, after my death." * * *

The interesting question presented is : Does Mrs. Wilcox take under the codicil any, and if so, what share of the residue of the estate ? The referee held that she took none ; that the revocation of the devise of the farm revoked also the dependent bequest of the share of the residue, and that the absolute gift by the codicil of $8,000 to Mrs. Wilcox is substituted for the entire provision to her and her children made by the will. The contention in behalf of the appellant, Mrs. Wilcox, is understood to be that the bequest to her and her children of a share of the residue is not affected by the codicil, but that they take, as before, a share of the residue proportioned to the value of the devise made to them by the will itself. The referee does not refer to this important question in his opinion. Apparently, Mrs. Wilcox not having appeared or answered in the action, and not being represented on the trial, he considered that the bill was to be taken as confessed against her. She, has however, appealed from the judgment, and her right to appeal has not been questioned.

The general principles which govern in the construction of wills, and in determining the effect of codicils, are not in dispute in this case. The aim, avowed on both sides, is, if possible, to ascertain the final intent of the testator. It is agreed that the will and the codicil are to be construed as one instrument; that where the terms of the will are clear to give an estate, the words of the codicil must manifest an intent, equally clear, to revoke it ; (*Quincy* v. *Rogers*, 9 Cush., 291), that effect must be given to the language, both of will and codicil, according to its legal import, the intent of the testator being derived by the application to the language employed of the settled rules of construction , that where a codicil expressly revokes a disposition made by the will, and substitutes another, the same special or general intent which the testator had in the original

disposition cannot be ascribed to him in making the substitution; that the presumption of a change of purpose arises from the substitution. (*Pierpont* v. *Patrick*, 53 N. Y., 591.)

But to sustain his particular contention in this case, counsel for the appellant Mrs. Wilcox relies upon the authority of the case in Massachusetts before cited, *Quincy* v. *Rogers* (*supra*), and the case of *Wetmore* v. *Parker* (52 N. Y., 450). We think both of these cases are essentially distinguishable from the case in hand. In the Massachusetts case the residuary bequest was in no sense dependent upon the preceding definite legacy, not even for the names of the legatees, nor the amount given to each. The definite legacy was of the sum of $2,000 to each of three legatees named. In the residuary bequest these beneficaries were named anew and the gift was, to each of them, of an equal share with others in the entire residue of the estate. In the codicil, made only six days after the execution of the will, the testator premised that, upon a reperusal of the will, he found that his intention in respect to the legacies given to the three legatees (above referred to) was not correctly expressed, and he declared his true intention to be that the total sum of $6,000 should be taken by the three legatees, or those of them who should survive him, share and share alike, and that only in case all three should die in his lifetime should such legacy or any portion of it sink into the residue of his estate. Thereupon he substitutes the provision thus indicated for that contained in the will. Chief Justice Shaw, in writing the opinion of the court, says: " The declared intention (of the testator) was to set the will right in one particular when he had discovered, on a reperusal, that his intention had not been expressed. To ascertain what error he intended to correct we may first inquire what errror or mistake he had discovered. * * * He perceives no mistake in finding their names as residuary legatees. The mistake is in regard to the legacies given. Now, in common parlance, as well as in a more precise use of language, a legacy is distinguishable from the gift of a residue or share in a residue. It was the manner in which the gift of the legacies was expressed in the will with which alone he expressed himself dissatisfied, and it was that, and that alone, which he intended to set right in the codicil. " It was for such reasons that the court held that the codicil in that case did not revoke the residuary gift to the three legatees.

The case of *Wetmore* v. *Parker* (*supra*) is more nearly similar to that at bar, but is yet, we think, clearly distinguished from it by the facts from which CHURCH, Ch. J., reasons to the conclusion reached by him and a majority of the court. There, as in this case, the residue was given to the persons, and in the proportions in which bequests had previously been made; and, so far, the residuary bequests were dependent upon those specifically given. But in the provisions in favor of the Reformed Dutch Church the chief judge finds the residuary bequest independent of the pecuniary legacy in respect to the purpose with which it was made. There the legacy of $10,000 was expressly given " to be expended in the erection and completion of their church edifice then erecting," and it was provided that if the whole or any part of said sum should not be required for that purpose, the same should be invested and the income only expended for the use and benefit of the church; whereas the gift of a share of the residue was absolute and without limitation to any specified use or purpose. It was upon this independence of the two provisions for the benefit of the same institution that the argument is largely based that the revocation of the one did not affect the other.

In respect to the provisions of the same will and another codicil, in favor of the Utica Female Academy, there seems to have been no change of intention whatever on the part of the testatrix toward the beneficiary, but merely the anticipation of a portion of a definite legacy of $10,000 by the payment of $3,000, after the execution of the will, and a corresponding reduction of the amount of that legacy by the codicil. There seems to have been no ground to contend that such a revocation, which was, in effect, only a change in the mode and time of payment of the legacy of $10,000, should affect the dependent gift of a share of the residue.

But the case at bar is much more strongly distinguished from either of those considered, by the fact that in this case the provision of the will, which was revoked, and that of the codicil, which was substituted therefor, were not in favor of the same persons. The former was the devise of a farm to the appellant for life, with remainder in fee to her children who should be living at her death, and upon this devise was based the gift of a share of the residue proportioned to the value of the farm, estimated at $15,000. The

residuary gift was, therefore, like that upon which it was based, of the use only of the fund to the appellant during her life and of the fund to her children surviving her. But the provision substituted by the codicil for the revoked devise was an absolute gift of $8,000 to the appellant, in which her children had no share or interest. Here was no mere change in the form of a legacy as in the case of *Quincy* v. *Rogers*, nor in the time and mode of its payment, as of the gift to the female academy, in the case of *Wetmore* v. *Parker*, but, on the contrary, a complete revocation of a devise of land to the children of Mrs. Wilcox, subject to a life estate of their mother, and the substitution therefor of an absolute gift of money to the mother alone. Here is evidence of a radical change of intention on the part of the testator toward the beneficiaries under the original provision of his will. Can it be supposed that when he completely revoked the gift to Mrs. Wilcox's children of property worth $15,000 he still intended them to share in the residue of his estate in proportion to the value of that gift, or that when he substituted for the use of a farm during her life to Mrs. Wilcox, the absolute gift of $8,000 in money, he still intended to continue to her a share of the residue based upon the revoked devise? The question is an interesting one, in respect to which we are aided by no authority more closely in point than the two cases already examined; and we do not regard the decision in either of those cases as applicable to the facts in this. We conclude that the gift of a share of the residue to Mrs. Wilcox and her children was strictly dependent upon the original devise to them in the will, and that it fell with such devise.

If this view is correct, we are led to a disallowance of both the appeals and the affirmance of the judgment entered on the report of the referee.

All concurred.

Judgment affirmed, with costs.