## Fogal v. Page et al.

### (Supreme Court, General Term, First Department. March 13, 1891.)

1. **Vendor and Vendee—Recovery of Purchase Money.**
Money paid towards the purchase price of real estate under a contract to convey it for a certain sum, not in writing, but not terminated or disaffirmed until the conveyance of the premises by the vendor to a third party, may, after such conveyance, be recovered by the purchaser who has paid it.

2. **Same—Limitation of Action.**
Such action is not barred by the statute of limitations if brought within six years after the conveyance to the third party.

3. **Appeal—Review—Weight of Evidence.**
The finding of the jury that such an agreement was made, where the evidence as to the fact is contradictory, will not be reviewed on appeal.

4. **Same—Harmless Error—Instructions.**
At the trial of such action the judge, in charging the jury, said that if plaintiff, "in the belief that he had such a contract," paid money on account of the purchase price, he could recover it back; but by previous instructions the case was submitted to them upon the question whether such contract had been proved, and from these and other explanations by the judge it appeared that the jury could not have misapprehended that the ground on which plaintiff's right was intended to be placed was the fact that such a contract had been made. *Held*, that the erroneous instruction was not ground for reversal.

5. **Witness—Competency—Transactions with Decedent.**
In an action by a married woman to recover back money paid by her on an oral contract for the purchase of real estate from executors of the deceased vendor, her husband, having no interest in the result otherwise than that his feelings may be enlisted in favor of her success, is not "interested in the event," within Code Civil Proc. N. Y. § 829, so as to be precluded from testifying to a transaction or conversation with the deceased.[1]

6. **Assumpsit—Evidence—Sufficiency.**
The evidence as to the payment of money sought to be recovered was that a sum of $200 was paid by plaintiff's husband, and a receipt given therefor as money received from plaintiff on account of the agreement to be entered into between her and defendants' testator for the premises, this confirming the husband's testimony to the same effect; but as to a further sum of $100, paid by him, there was no evidence that it was money of the plaintiff, or that it was paid by her direction, or with any reference to her. *Held*, that a judgment for plaintiff could be sustained only to the extent of $200.

Appeal from circuit court, New York county.

Action by Jennie Fogal against J. Seaver Page and others, as executors of Thomas Page, deceased. Defendants appeal from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial. Code Civil Proc. N. Y. § 829, provides: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness, in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator, or survivor of a deceased person," etc.

Argued before Van Brunt, P. J., and Daniels and O'Brien, JJ.

*William J. McCrea*, (*Henry Wehle*, of counsel,) for appellants. *Henri Pressprich*, for respondent.

[1] See note at end of case.

DANIELS, J.    The testator held a mortgage against premises owned by the husband of the plaintiff, and upon which they resided, in the county of Westchester.    The mortgage was foreclosed, and the premises purchased by the testator at the sale, and to maintain the action it is alleged that he entered into a contract to convey the premises to the plaintiff for the payment of the sum of $2,800.    This contract, as the evidence tended to prove it, was not in writing, but, if made at all, was verbal, and made on or about the 9th of January, 1880.    It is alleged that the plaintiff had paid upon the contract the sum of $1,552.58, and that the testator conveyed the premises to another person on or about the 20th of May, 1884, and thereby disabled himself to perform the contract alleged to have been made.    It did appear upon the trial that the premises were verbally leased to the husband of the plaintiff after the sale in the foreclosure proceedings for the sum of $150 a year and the payment of the taxes, and that all the moneys which had been paid for rent and taxes, with the exception of two items,—one of $200, and another of $100.    The right of the plaintiff to maintain the action was accordingly restricted to these two items; and, if the contract was made as it was alleged, and the evidence of the plaintiff's husband tended to prove it, and it was not afterwards terminated or disaffirmed until the conveyance of the premises to another person in 1884, then the plaintiff was entitled to recover so much money as had been paid by her towards the purchase price of the premises.    *Chittenden* v. *Morris*, 5 N. Y. Supp. 713; *Harris* v. *Frink*, 49 N. Y. 24; *Day* v. *Railroad Co.*, 51 N. Y. 583.    And the defense of the statute of limitations interposed no objection to that recovery, for the reason that the action was commenced within six years after the conveyance.    As the evidence was given by the husband of the plaintiff it did tend to prove the making of such a contract, and that it was carried along without any refusal to perform on the part of the plaintiff or the testator, until the time when he conveyed the premises to the other party.    The making of this agreement was denied by the attorney through whose agency, with the approval of the testator, it was affirmed to have been made; and his testimony was that these two sums of money were not paid upon an agreement for the conveyance of the property to the plaintiff, but to pay the costs and expenses of the foreclosure suit.    That was denied by the plaintiff's witness, and there was evidence from two other persons, sworn on behalf of the defendants, and contradictory evidence supplied by the affidavit of the plaintiff's witness, tending to confirm the correctness of the evidence given by the attorney.    But this evidence was not so forcible in its effect as to deprive the plaintiff of the right to submit the questions to the jury upon which her action depended.    It was still a question of fact to be determined by them whether this agreement had been made, as it was alleged it had been, in support of her suit; and they, by their verdict, must have found that fact in her favor.

In submitting the case to the jury it has been objected that they were not necessarily required to find the existence of the contract to entitle the plaintiff to recover.    This objection has been taken to the statement that, "If Mr. Fogal made a verbal contract for the repurchase of this property, although the law requires such a contract to be in writing, and while it might be that Mr. Fogal could not have enforced that contract if, in the belief that he had such a contract, he paid money on account of the purchase price, he would have the right to recover it back in this action, it being conceded that Mr. Page conveyed the property away in his life-time, and consequently could not convey it to Mr. Fogal.    But, of course, upon the testimony as it stands, it is a question of fact to be passed upon by the jury as to whether Mr. Fogal's account is correct; and if it is he is entitled to recover the $300."    And if the court did intend to place the right of the plaintiff to maintain the action upon the mere belief of Mr. Fogal that he had such a contract and paid the money on account of the purchase price, then the

direction would be clearly erroneous. But in the preceding part of the charge the case was submitted to the jury upon the question whether the contract had been proved to have been made as it was affirmed on the part of the plaintiff; and when the exception was taken to this particular part of the charge the justice presiding responded: "I hold that he is entitled to recover it back, provided it was paid as a part of the purchase price." And previously it was stated: "If you think that the three hundred dollars was on account of the payment made for the property, you will find a verdict for three hundred dollars, with interest; but if you think it was a payment on account of these costs, then you will find a verdict for the defendants." With this explanation, and what had previously been said, the jury could not have misapprehended the ground upon which the right of the plaintiff was intended to be placed. It was not merely on the belief of Fogal, but upon the fact that a contract had been made for the sale of these premises to the plaintiff. And while the point is undoubtedly somewhat involved, no good reason presents itself for supposing that the jury could have been misled by the use of these words as they were employed in this paragraph of the charge.

Objection was made to the competency of the husband of the plaintiff to testify as to what had taken place between himself and the testator; but he does not appear to have been interested in the result of the action in any form otherwise than his feelings would, of course, be enlisted in favor of the success of his wife. But this is not the interest which, under the provisions of the Code, would render him incompetent to testify to a transaction or conversation with a deceased person. He had no such interest, and therefore was a competent witness in her behalf to prove that the attorney was authorized by the testator to make the contract. When the $200 was paid, a receipt was given for it in the name of the plaintiff in this action as so much money received from her by the hands of John J. Fogal on account of the agreement to be entered into between herself and the testator for these premises. At that time it was no doubt contemplated, as the evidence indicated the fact to have been, that a formal agreement was designed to be made, but was never in fact entered into; and this receipt confirms the statement of the witness Fogal that the money was paid and intended to be applied on account of an agreement for the sale or conveyance of these premises; and as to that sum of money there was no deficiency in the evidence as to her right to recover it if the jury credited the statements of her husband, as they seem to have done. But the further sum of $100 does not appear to have been paid by her, or from any money or property belonging to her. This payment was made on the 24th of January, 1880, and by the receipt it was acknowledged as coming from Mr. Fogal, and being paid on account; and his own testimony throughout is that he paid this money to the attorney of the testator. But there is not a word of evidence in the case that it was money of his wife, the plaintiff, or paid by her direction, or in any manner whatever which would entitle her to maintain an action for its recovery from the testator or the executors of his estate. In that respect there was no evidence from which the jury could reasonably find that this sum of money was paid otherwise than the witness stated it to have been paid, and that was by himself, without any reference whatever to the plaintiff in the action. On this subject there was a misdirection consequently, for the jury were required by the charge, if they found for the plaintiff, to include this sum of $100 in their verdict; and that they seem to have done. Upon this ground, therefore, the defendants were entitled to have the verdict set aside pursuant to their motion for a new trial, or that this sum, together with the interest allowed upon it, should be deducted from the judgment under the authority and consent of the plaintiff; and to attain that end the judgment should be reversed, and a new trial ordered, with costs to the defendants to abide the event, unless within 20 days after notice of this decision the plaintiff stipulates to deduct this sum of $100, with

the interest included upon it as it has been recovered by the verdict; and, if such stipulation shall be given, then the judgment, as so modified, should be affirmed, without costs of the appeal to either party.   All concur.

## NOTE.

TRANSACTIONS WITH DECEDENTS—INTEREST ARISING FROM DOMESTIC RELATIONS—PARENT AND CHILD.   In a suit by a minor against her employer's administrator for wages, the father of the minor, who has theretofore surrendered to her all his claim to wages earned by her, has no interest in the subject-matter, and is competent to testify as to conversations had with the decedent as to the employment.   Shirley v. Bennett, 6 Lans. 512.   Where the mother of a bastard child is neither a party nor privy to an action against the administratrix of the putative father on his alleged contract for the support of the child, she has not such an interest in the action as will render her incompetent to testify to the making of the contract; for a recovery therein would not bar an action by plaintiff against the mother for the support of the child, nor would the record be evidence in such action that a contract had been made by the father, and the maintenance furnished under it.   Connolly v. O'Connor, (N. Y.) 22 N. E. Rep. 753.   In an action to recover money paid to defendant, involving the authority of a decedent as plaintiff's agent to give defendant instructions as to the construction of a machine for plaintiff, on account of which the payments were made, defendant's minor son is not disqualified by interest to testify as to instructions given by decedent, where he has no legal interest in defendant's business, though it is set up and prosecuted for his benefit. Refining Co. v. Lieb, 4 N. Y. Supp. 545.   Where it appears on the contest of a will that testator's widow and daughter each take a greater interest under the will than they would have received had testator died intestate, both are interested in sustaining the will, and the daughter cannot object to the widow's competency to testify as to transactions had with testator on the ground that the widow's interest is hostile to her own. Estate of Baird, 11 Civil Proc. R. 164.

——— HUSBAND AND WIFE.   In an action by an administrator for the distribution of an estate, pursuant to an agreement by his intestate and other devisees, for a disposition different from the terms of a will passing such estate, the testimony of husband and wife that they were induced to sign such agreement by false representations of the intestate, each testifying to false representations made to the other, is incompetent where they take under the will a joint interest, with right of survivorship as to the entirety. Hard v. Davison, 6 N. Y. Supp. 69.

——— CURTESY.   The decisions as to the effect of a prospective interest, as tenant by the curtesy initiate, on the competency of a witness, are conflicting.   In Re Clark, 40 Hun, 233, the supreme court held that, where a daughter of testator takes nothing under his will, the fact that her husband may have curtesy in the land that she may inherit, does not constitute such an interest as to disqualify him to testify for contestants of the will as to conversations had with testator.   And it was held in Wilson v. Munoz, 6 Civil Proc. R. 71, that in a suit against an administratrix to annul a mortgage executed to her intestate by plaintiff's grantor before he conveyed the land to plaintiff, the husband of the plaintiff, who, as former owner of the land, conveyed it to her grantor, and who is not a party, has no such interest as will render him incompetent to testify as to personal transactions with defendant's intestate.   But in the later case of Devinney v. Corey, 5 N. Y. Supp. 289, the supreme court, without discussion or citation of authority, declared that in an action for specific performance of a parol contract by plaintiff's father, since deceased, to make her a deed of his farm, plaintiff's husband, by reason of his being prospective tenant by the curtesy in the title to be secured to her, has an interest in the event that renders him incompetent to testify as to the father's declaration in support of the alleged contract.   In a suit by the assignee of a deceased mortgagee to foreclose a mortgage executed by husband and wife, the husband is not disqualified by an interest as tenant by the curtesy initiate to testify that the mortgage, which was on the wife's land, was given to secure a gambling debt of his; for 1 Rev. St. N. Y. p. 663, §§ 16, 17, not only avoid such a mortgage as to the mortgagee, but divest the mortgagors of all interest, by providing that the mortgage shall inure to the benefit of those who would have been entitled to the property had the mortgagors died immediately after executing it.   Luetchford v. Lord, 11 N. Y. Supp. 597.

——— DOWER.   In Scherrer v. Kaufman, 1 Dem. Sur. 39, ROLLINS, S., held that in a proceeding to contest a will the wife of a contestant and heir at law of the testator was not rendered incompetent to testify to transactions with testator by the fact that she would have had an inchoate right of dower in such lands as her husband would inherit in case his ancestor was declared to have died intestate.   The holding was based on the consideration that the husband was not then seised, seisin being essential to the right of dower, and might never become seised, because, for aught that appeared in the case, the whole of the land might be necessary to the payment of testator's debts.   But the holding of the supreme court in Steele v. Ward, 30 Hun, 555,—a similar case,—was directly adverse to this.   And in Erwin v. Erwin, 7 N. Y. Supp. 365, it was held that the same interest,—the prospective inchoate right of dower,—rendered the wife incompetent in a suit by the husband to compel specific performance of a parol contract by his father, since deceased, to convey land to him.   In the case of Eisenlord v. Eisenlord, 2

N. Y. Supp. 123, the court went still further. Applying the principle that the interest of a witness in an action depends not only on what he will gain or lose by the direct legal operation and effect of the judgment therein, but also on the effect of the record as evidence for or against him in another action, it held that, where a person claims land as the son and sole heir of a deceased owner, his mother is not competent to testify as to her marriage with decedent, because a judgment for plaintiff would be important evidence in her favor in a suit for dower in the land. In Witthaus v. Schack, 24 Hun, 328, an action to set aside a deed, in which plaintiff had joined her husband, conveying his land in trust to pay his debts, it was held that plaintiff's prospective dower interest did not disqualify her to testify as to the false representations by which her husband, since deceased, induced her to sign the deed; and the holding was based on the ground that, as to the dower interest defendant derived title not through the decedent, but through plaintiff herself. The court of appeals, however, reversed the judgment, in 11 N. E. 649, and held that the inchoate right of dower was not such an interest as was capable of transfer, and hence that defendant derived title through decedent alone, because plaintiff's joining in the deed operated only to extinguish the right, and not to convey it.